## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**REGINALD R. THOMAS**                                          **MOVANT/DEFENDANT**

v.                                                              **CRIMINAL ACTION NO. 5:22-cr-33-BJB**

**UNITED STATES OF AMERICA**                                    **RESPONDENT/PLAINTIFF**

### MEMORANDUM OPINION AND ORDER

Movant Reginald R. Thomas filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 32) and an addendum (DN 33)[1] challenging his sentence of 100 months' imprisonment on his convictions of bank robbery and interstate transportation of stolen property. He raises two grounds: (1) ineffective assistance of counsel related to his sentencing and (2) improper calculation of jail credit for time spent in federal custody.

### I.

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See also* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney . . . ."). Additionally, "where the same judge considering the § 2255 motion also presided over the underlying criminal proceedings, . . . the judge may rely on his own recollection of those proceedings." *Underwood v. United States*, No. 18-5793, 2018 WL 7140598, at *2 (6th Cir.

---

[1] The addendum (DN 33) adds a state-court document related to the reinstatement of his parole.

Nov. 19, 2018) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977); *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)).

## II.

In his first ground, Movant argues that his counsel was ineffective. He erroneously received a longer sentence as a career offender based in part on a 1977 state-court bank robbery conviction,[2] which Movant contends should not have been counted since it occurred more than 15 years before the May 10, 2022, bank robbery offense at issue in this case. DN 32-2, PageID #: 166-71. Movant asserts that he was last released from his term of incarceration from his 1977 conviction when he was paroled on December 21, 1995. DN 32-2, PageID #: 170-71. He explains that he was taken into custody by the Kentucky Department of Corrections (KDOC) on August 1, 2019, due to a technical parole-violation warrant upon his release from a 19-year federal sentence; but the Parole Board, Movant maintains, did not revoke his parole. So he was released on August 29. *Id*. at PageID #: 168.

In support of his argument that the 1977 conviction should not have been counted in his criminal history, Movant points to U.S.S.G. § 4A1.2, which governs the computation of criminal history points. *Id.* at PageID #: 167. Section 4A1.2(e)(1) provides:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

Movant asserts that the correct guideline calculation would've resulted in a criminal history category of IV rather than VI, which would've decreased the guideline range to 46-57 months

---

[2] The Court refers in shorthand to the 1977 conviction, while acknowledging that it is one of a cluster of convictions of a similar age resulting in an aggregated 31-year sentence. *See* DN 33, PageID #: 80-83.

instead of the 151-88 month career-offender range recommended by the U.S. Probation Office. DN 32-2, PageID #: 171.

The Supreme Court has interpreted the Sixth Amendment to give defendants a right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). That right counsel extends to sentencing. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Id*. (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

To succeed on an ineffective-assistance claim, Movant must show: (1) that his "counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 688, 694. In reviewing the first prong, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

Before sentencing, the Probation Office calculated that Movant had a total offense level of 29 with a criminal history category of VI, which reflected Movant's 1977 robbery conviction and a 2001 bank robbery conviction in Illinois federal court. DN 25, PageID #: 123. Defense counsel objected that because Movant had not been incarcerated for the 1977 conviction since he was paroled on December 21, 1995, more than 15 years earlier, the 1977 conviction should not be included in his criminal history. DN 23-1, PageID #: 99-100. According to counsel, on August 1, 2019 Movant was arrested for an alleged technical parole violation but the Kentucky Parole Board had informed him that Movant's parole was reinstated 28 days later on August 29.

*Id.* Counsel also argued that Movant's subsequent arrest by the Commonwealth of Kentucky on an alleged technical parole violation on June 3, 2022, did not affect his parole because he entered federal custody on July 12, 2022—before resolution of that case. *Id.* Counsel, therefore, asserted that Movant's last release from his term of incarceration from the 1977 conviction was on December 21, 1995, more than 15 years before this arrest. *Id.*

In response, the Probation Office detailed that when it contacted the Parole Board, it clarified that Movant's parole was automatically revoked on June 3, 2022, under Ky. Rev. Stat. § 439.352 when Movant was sentenced in a robbery case in McCracken Circuit Court, No. 21-cr-153. DN 23-1, PageID #: 100. The Probation Office noted that Movant's parole was not revoked until after the commission of the offense charged in this case; this is immaterial, however, because note 1 following § 4A1.2(a)(1) provides that a sentence which is imposed after the defendant's commencement of the instant offense, "but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." *Id.* at PageID #: 100-01.

Defense counsel's Sentencing Memorandum again laid out his prior objections to the use of the 1977 conviction for criminal history/career offender purposes due to the 15-year time period in § 4A1.2(e)(1). DN 25, PageID #: 124-25. Counsel, however, acknowledged that the Kentucky Parole Board explained when the U.S. Probation Office called that Movant's prior parole actually was automatically revoked in 2022 by operation of Ky. Rev. Stat. § 439.352.[3]

---

[3] This statute provides:

> Recommitment of a supervised individual on parole . . . to prison or jail on a new sentence received for commission of a crime while on parole . . . shall automatically terminate his or her parole . . . on any sentence on which he or she has not received a final discharge, or a restoration of civil rights, prior to the date of recommitment.

Ky. Rev. Stat. § 439.352.

*Id*. at PageID #: 125. Defense counsel, therefore, stated that "the defense does not dispute the PSR's finding that Mr. Thomas falls under the Career Offender Guidelines," but argued for a downward departure to a sentence of between 51 and 71 months, rather than the 151-88 month career-offender range recommended by the U.S. Probation Office. *Id*. at PageID #: 125-28.

At the sentencing hearing on April 25, 2023, presided over by the same judge considering this motion, defense counsel again contended that the facts in this case were unusual: his 1977 conviction was relevant only because Movant's parole was revoked for only 28 days between August 1–29, 2019. Defense counsel argued that the career-offender guidelines therefore significantly overrepresented the 46–57 month range that should've applied.

This undermines Movant's contention that counsel was ineffective in failing to argue that his 1977 conviction should not be counted in his criminal history. Defense counsel effectively made the very arguments that Movant puts forward in his § 2255 motion—including that Movant was last released from his term of imprisonment on the 1977 conviction in December 1995. *Compare* DN 23-1, PageID #: 100 (defense counsel's objection to PSR), *with* DN 32-2, PageID #: 168 (§ 2255 motion). He also contended that Movant's parole was not revoked in August 2019. *See* DN 25, PageID #: 124 (counsel's Sentencing Memorandum); DN 23-1, PageID #: 100 (counsel's objection to PSR); DN 32-2, PageID #: 168 (§ 2255 motion). And he argued that the correct guideline range should be 46-57 months after a correction to his criminal history category. *Compare* DN 23-1, PageID #: 102 (counsel's objection to PSR), *with* DN 32-2, PageID #: 171 (§ 2255 motion).

Movant, therefore, has not shown that counsel's performance fell below an objective standard of reasonableness. *See United States v. Rice*, No. 09-cv-10158, 2009 WL 3497804, at *4 (E.D. Mich. Oct. 28, 2009) ("Defendant . . . argues that his attorney was constitutionally

5

deficient during resentencing, because his attorney did not argue for a downward departure based on Defendant's record of service for the Detroit Police Department. This argument is untenable [because] Defendant's attorney stressed the heightened importance of Defendant's record of service . . . ."); *Sawyers v. United States*, No. 3:05-0428, 2005 WL 3088580, at *3 (M.D. Tenn. Nov. 17, 2005) ("Because the grounds for Sawyers's allegation of ineffective assistance of counsel are not supported by the record, i.e., that defense counsel did not 'argue and raise' the kind of drugs seized and the amount, he fails to show that defense counsel provided ineffective assistance."); *United States v. Mekaeil*, No. 16-10016, 2020 WL 569821, at *4 (D. Kan. Feb. 5, 2020) ("As to Petitioner's first two claims of ineffective assistance, she asserts that her trial counsel failed to argue that the search warrant did not contain sufficient evidence for probable cause and failed to argue that the search was based on information from an 'uncredited source.' A review of the record reveals otherwise.").[4]

Nor can Movant establish prejudice. The Court accounted for counsel's arguments that the career-offender guidelines overrepresented Movant's criminal history. It sentenced Movant to 100 months' imprisonment—well below his career-offender range of 151–188 months. *Compare* DN 28 at 3 (Judgment) *with* DN 23, PageID #: 94 (PSR). The Sixth Circuit has held that a very similar situation did not amount to "ineffective assistance of counsel":

> "[Defendant's] trial counsel was not silent about his career offender status at sentencing. Instead, he argued that [Defendant] was not an 'authentic career offender,' which yielded positive results: the district court gave [Defendant] a sentence 152-months below the Guidelines . . . . In other words, [Defendant's] trial counsel was successful at sentencing—cutting his client's sentence by more than fifty percent. This was not ineffective assistance of counsel."

---

[4] Movant also takes issue with the Probation Office's determination that KDOC records indicated that his parole term was tolled while he was in federal prison and that once he was released his parole term commenced. DN 32-2, PageID #: 168-69. Defense counsel did take note of the portion of the PSR with that determination; he pointed out that the Court may "determine that a downward departure is necessary in this case." DN 25, PageID #: 126 (footnote omitted).

6

*Bullard v. United States*, 937 F.3d 654, 663 (6th Cir. 2019) (citations omitted). The same is true here.

For these reasons, the Court dismisses the § 2255 motion with respect to Movant's first ground.

### III.

As to his second ground, Movant states that he received only 24 days of jail credit even though in July 2022 a federal magistrate judge informed him that "[h]e had been writted over to federal court to be prosecuted for the bank robbery offense and would be returned to state custody once the case was closed." DN 32-3, PageID #: 172. Movant asserts, therefore, that he is entitled to receive jail credit for the approximately nine months he was in federal custody. *Id*.

The U.S. Attorney General, through the Bureau of Prisons (BOP), is tasked with determining sentencing credit. *See United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992); *United States v. Stanley*, No. 22-1500, 2022 WL 17881554, at *1 (6th Cir. Dec. 20, 2022); *United States v. Wilson*, 503 U.S. 329, 334 (1992). "[A] prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, [but] he may do so only after he has sought administrative review and has exhausted all of his administrative remedies." *United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001). A § 2241 action must be brought in the district where the inmate is incarcerated, which in Movant's case would be the Northern District of West Virginia. *Stanley*, 2022 WL 17881554, at *1 ("[A] § 2241 petition must be filed in the judicial district where the prisoner is confined.") (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43, 447 (2004)); DN 32, Page ID #: 151.

The Court will dismiss without prejudice this request to adjust Movant's time-served credits. Transfer to the Northern District of West Virginia would be inappropriate because

7

Movant has not demonstrated that he exhausted his remedies with the BOP. *See United States v. Massey-Lovejoy*, No. 1:19-cr-184-8, 2024 WL 712348, at *2 (N.D. Ohio Feb. 21, 2024) (and cases cited therein).

### IV.

Movant also requests appointment of counsel and an evidentiary hearing. DN 32-2, PageID #: 171.

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Otherwise, appointment of counsel may be provided when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel, "[c]ourts 'should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors.'" *United States v. Augustin*, 16 F.4th 227, 234 (6th Cir. 2021) (quoting *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021). Under Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court must review the answer and other materials to determine whether an evidentiary hearing is warranted.

Given the disposition of Movant's claims and the dismissal of his § 2255 motion, the Court, **DENIES as moot** Movant's requests for appointment of counsel and an evidentiary hearing.

### V.

On initial consideration of the § 2255 motion under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts,

The Court **DISMISSES** Movant's ineffective-assistance-of-counsel claim and **DISMISSES** without prejudice Movant's request for jail credit.

Before Movant may appeal the Court's judgment, he must obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Movant can meet this standard by "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists could not debate the Court's determination that counsel argued the points that Movant raises in his § 2255 motion or the dismissal without prejudice of Movant's jail-credit requests as procedurally improper. *See Evans v. United States,* No. 14-3092, 2014 WL 2766629, at *1 (6th Cir. June 6, 2014) ("Jurists of reason could not disagree with the … rejection of [Defendant's] ineffective-assistance-of-counsel claims [when] counsel did challenge the application of the career offender guideline" and the Court "overruled [the] objection . . . but imposed a below-guideline sentence . . . ."). So a COA is unwarranted and the Court will not grant one.

Date: August 20, 2024

Benjamin Beaton, District Judge
United States District Court

cc:   Movant, *pro se*
      U.S. Attorney

B213.009

9